1  FRANK R. UBHAUS, CA STATE BAR NO. 46085
   LAURA PALAZZOLO, CA STATE BAR NO. 210954
2  KATHLEEN F. SHERMAN, CA STATE BAR NO. 241200
   BERLINER COHEN
3  TEN ALMADEN BOULEVARD
   ELEVENTH FLOOR
4  SAN JOSE, CALIFORNIA 95113-2233
   TELEPHONE: (408) 286-5800
5  FACSIMILE: (408) 998-5388
   frank.ubhaus@berliner.com
6  laura.palazzolo@berliner.com
   kathy.sherman@berliner.com
7
   BRUCE ROBERTSON, CA STATE BAR NO. 111153
8  ROBERTSON & LEWIS
   88 KING STREET SUITE 115
9  SAN FRANCISCO, CALIFORNIA 94107
   TELEPHONE: (415) 406-6360
10 FACSIMILE:   (949) 248-5010
   bwr@roblewlaw.com
11
   ATTORNEYS FOR DEFENDANTS
12 PACIFIC CAPITAL BANK, N.A. AND NIRAJ
   MAHARAJ

13                         UNITED STATES DISTRICT COURT

14                        NORTHERN DISTRICT OF CALIFORNIA

15                                SAN JOSE DIVISION

| | |
|---|---|
| WILLIAM ERRICO, an individual; LORETTA ANN ERRICO, an individual; WILLIAM ERRICO AND LORETTA ANN ERRICO, as Trustees of the William Errico and Loretta Ann Errico 1972 Trust, a California trust,<br><br>Plaintiffs,<br><br>v.<br><br>PACIFIC CAPITAL BANK, N.A., a national banking association, doing business as First National Bank of Central California; NIRAJ MAHARAJ, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | CASE NO.  C-09-04072 JW<br><br>DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FRAUD CAUSES OF ACTION IN SECOND AMENDED COMPLAINT  [FRCP 9(b)]<br><br>Date:    June 14, 2010<br>Time:   9:00 a.m.<br>Dept.:   Courtroom 8<br>Judge:  Hon. James Ware |

Defendants PACIFIC CAPITAL BANK, N.A., and NIRAJ MAHARAJ hereby provide notice to Plaintiffs WILLIAM ERRICO, an individual; LORETTA ANN ERRICO, an individual; and WILLIAM ERRICO AND LORETTA ANN ERRICO, as Trustees of the

CASE NO.  C-09-04072 JW

William Errico and Loretta Ann Errico 1972 Trust, that on June 14, 2010 at 9:00 a.m. they will move the Court for an order dismissing the Plaintiff's causes of action that sound in fraud for failure to satisfy the particularized pleading requirements of Federal Rules of Civil Procedure 9(b).

The Motion will be based on this Notice of Motion, the Memorandum of Points and Authorities that follows, and such oral argument as the Court may allow.

DATED:  MARCH 19, 2010                          BERLINER COHEN

                                                BY:  /S/ FRANK R. UBHAUS
                                                     FRANK R. UBHAUS
                                                     LAURA PALAZZOLO
                                                     KATHLEEN F. SHERMAN
                                                     ATTORNEYS FOR DEFENDANTS PACIFIC
                                                     CAPITAL BANK, N.A. AND NIRAJ
                                                     MAHARAJ

CASE NO.  C-09-04072 JW

DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS FRAUD CAUSES OF ACTION IN SECOND AMENDED COMPLAINT

\KSHERMAN\815115.2
031510-18480001

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Pacific Capital Bank, N.A., ("Bank") and Niraj Maharaj ("Maharaj") filed a motion to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure[1] 12(b)(6) on November 12, 2009. After full briefing, the Court issued an order on February 17, 2010, granting the motion in part with leave to amend the complaint. Plaintiffs William Errico and Loretta Ann Errico, individually and as Trustees of the William Errico and Loretta Ann Errico 1972 Trust, filed a Second Amended Complaint (SAC) on March 5, 2010.

Three of Plaintiffs' claims sound in fraud: their claim for fraud, their claim for negligent misrepresentation, and their claim for elder abuse. Plaintiffs have failed to satisfy the heightened pleading requirements of Rule 9(b) as to those claims. Furthermore, all three claims are insufficiently pleaded under Rule 8(a)(2). Accordingly, those claims should be dismissed.

Defendants request that the instant motion be heard in conjunction with their renewed motion to dismiss the Second Amended Complaint pursuant to Rule 12(b)(6).

## II. STANDARD OF PLEADING

Rule 9(b) requires that circumstances surrounding fraud must be pleaded with specificity. *Schwartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007). This rule applies to both state-law and federal-law causes of action, and to fraud claims and other claims that sound in fraud. *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1103-04 (9th Cir. 2003). The rationale for Rule 9(b)'s heightened pleading requirement is to protect professionals from the reputational harm that comes from being subject to fraud charges. *Id.* at 1104.

In addition to the elements of fraud, which in California include a false representation, knowledge of its falsity, intend to defraud, justifiable reliance, and damages, Rule 9(b) requires allegations as to the "who, what, when, where, and how" of the allegedly fraudulent conduct. *Vess,* 317 F.3d at 1105-06. These allegations should include the time, place, and specific content of the allegedly fraudulent misrepresentation. *Schwartz,* 476 F.3d at 764. Where the fraud claim

---

[1] All further citations to rules refer to the Federal Rules of Civil Procedure, unless specified otherwise.

1  is alleged against multiple defendants, there must be specific allegations as to each defendant;
2  the complaint may not merely "lump together" multiple defendants. *Id.* at 764-65.

3  III.    FAILURE TO STATE CLAIM FOR FRAUD

4  Plaintiffs' claim for fraud fails under Rule 9(b)'s pleading standard because it does not provide the time, place, and specific content of each allegedly false statement. The two allegedly false statements are (a) Maharaj's alleged statement that the Bank would provide a series of loans to cover each phase of construction and (b) Maharaj's alleged statement that the condominium loan would be ready "in one week." SAC, ¶ 110.

As to the first statement, Plaintiffs have made no attempt to provide the time, place, or specific content of the statement. That allegation does not even satisfy the pleading standard of Rule 8(a)(2) such that the statement is sufficient to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 554-55 (2007) (*Twombly*). Thus, that allegation must be stricken under both Rule 12(b)(6) and Rule 9(b).

As to the second statement (that the condominium loan would be ready "in one week"), Plaintiffs fail to allege a place, are vague as to time ("On or about September 12, 2007"), and give only a portion of the statement ("in one week") instead of providing the specific content of the allegedly fraudulent misrepresentation. Because of the failure to allege with particularity the circumstances surrounding the alleged fraud, Plaintiffs' fraud claim fails. Thus, under Rule 9(b)'s heightened pleading standard, Plaintiffs' fraud claim should be dismissed.

Furthermore, Plaintiffs have waived their claim for fraud as to the $6.9 million loan by entering into a new loan agreement on November 30, 2007.

> [A] plaintiff claiming fraud in the inducement is deemed to have waived his claim of damages "if, after he discovers the fraud, he makes a 'new agreement or engagement' with the other party to the original contract (the contract allegedly procured by the fraud of that party), and such new agreement or engagement results in a compromise and adjustment of the plaintiff's rights under the original contract, thereby superseding that contract."

*Oakland Raiders v. Oakland-Alameda County Coliseum, Inc.,* 144 Cal.App.4th 1175, 1192 (2006) (quoting *Smith v. Roach,* 53 Cal.App.3d 893, 898-99 (1975), quoting *Burne v. Lee,* 156

1   Cal. 221, 226 (1909)). A party's options upon discovery of fraud in the inducement are to rescind

2   the contract at once and restore the other party, as near as possible, to its former condition, or to

3   elect to go forward on the contract. *Oakland Raiders,* 144 Cal.App.4th at 1185 (quoting *Schmidt*

4   *v. Mesmer,* 116 Cal. 267, 270-271 (1897)). However, if the party does elect to go forward, he

5   "must not make any new agreement or engagement respecting [the contract]; otherwise, he

6   waives the alleged fraud." *Oakland Raiders,* 144 Cal.App.4th at 1186 (quoting *Schmidt,* 116 Cal.

7   at 270-271).

8   Here, the allegations in the complaint are that the parties signed loan documents on

9   September 12, 2007 relating to a $1.7 million loan for the off-site improvements and a $6.9

10  million loan for the commercial plaza, and that Plaintiffs' signatures on the loan documents were

11  fraudulently induced by Maharaj's statement that documents related to the $23 million loan for

12  the condominium phase would be ready in one week. SAC, ¶¶ 31, 34, 110-112. By implication,

13  then, Plaintiffs knew of the alleged fraud by September 19, 2007, because no documents for the

14  condominium loan were ready by then. SAC, ¶¶ 35, 110. Plaintiffs' options under *Oakland*

15  *Raiders* and *Schmidt* at that point were (a) to rescind the $1.7 million and $6.9 million loan

16  agreements or (b) to proceed with the agreements but not enter into any new agreement

17  respecting those loan agreements.

18  Plaintiffs did not rescind. Instead, on November 30, 2007, they entered into a new

19  agreement with regards to the $6.9 million loan, lowering the interest rate by .25 percent. SAC,

20  ¶¶ 15, 40. Because the November 30, 2007, loan agreement relates to the same subject matter as

21  the September 12, 2007, agreement—the $6.9 million loan—and adjusted Plaintiffs" rights under

22  the agreement—by reducing the interest rate by .25 percent—the new loan agreement constituted

23  a waiver of Plaintiffs' fraud claim as to the $6.9 million loan.

24  Plaintiffs' fraud claim as to the $1.7 million loan should be dismissed because, besides

25  not satisfying the heightened pleading requirement of Rule 9(b), it fails to state a claim for fraud

26  under Rule 8(a)(2).

27  One of the required elements is intent to defraud. Plaintiffs repeatedly allege that

28  Defendants knew that the commercial plaza phase could not be successful without the

development of the condominium phase. SAC, ¶¶ 1, 16, 36, 81, 91, 101 ("value of the project as a PUD depended on the completion of … the condominiums.… The leasing of the commercial plaza … depended on a steady stream of patrons from the condominiums"); *see also* FAC, ¶¶ 1, 14, 24, 25, 36, 55, 59. Plaintiffs allege that Defendants (a) knew the commercial plaza would not be successful without the development of the condominium phase and (b) knew that they would have no recourse to Plaintiffs' personal assets. Yet Plaintiffs also allege that Defendants (c) never intended to make the condominium loan and (c) falsely told Plaintiffs that the loan documents would be ready in one week in order to induce Plaintiffs to enter into more than $8.6 million in loans. The second set of allegations is nonsensical if the first set of allegations is true. If the project was doomed to fail and Defendants would have no recourse except to the property, there would be no benefit to Defendants to entering into the first two loan agreements.

When allegations in a complaint are inconsistent with other allegations, the Court may disregard them. *The Aetna Casualty and Surety Co. v. Aniero Concrete Co., Inc.,* 404 F.3d 566, 586 (2d Cir. 2005) (incorporating and affirming the district court opinion available electronically at 1997 U.S. Dist. LEXIS 22, 53); *Hartford Casualty Ins. Co. v. Am. Dairy and Food Consulting Labs., Inc.,* 2009 U.S. Dist. LEXIS 110030 (E.D. Cal. 2009) (claim based on internal factual inconsistencies may be dismissed for failure to state a claim); *Rieger v. Drabinsky,* 151 F.Supp. 2d 371, 405-07 (S.D.N.Y. 2001) (self-contradictory factual allegations are not "well-pleaded" and court is not obligated to accept them). Without the inconsistent allegations, Plaintiffs have failed to allege intent.

Plaintiffs' fraud claim should be dismissed because it was not pleaded with sufficient particularity under Rule 9(b). Furthermore, Plaintiffs waived their fraud claim as to the $6.9 million loan by entering into a new contract to lower their interest rate after they learned of the alleged misrepresentation. And they have failed to allege facts establishing intent to defraud as to the $1.7 million loan under Rule 8(a)(2).

IV. <u>FAILURE TO STATE A CLAIM FOR NEGLIGENT MISREPRESENTATION</u>

The term "fraud" may be used to describe a negligent misrepresentation as well as an intentional misrepresentation because both are species of the tort of deceit. *Oakland Raiders,* 144

Cal.App.4th at 1184 (characterizing negligent misrepresentation as "fraudulent inducement"). Thus, negligent misrepresentation "sounds in fraud" such that it is subject to Rule 9(b)'s heightened pleading standard. *Vess,* 317 F.3d at 1103-04.

For the reasons explained above, Plaintiffs have failed to allege negligent misrepresentation with the particularity required by Rule 9(b). Furthermore, as discussed above, Plaintiffs have waived their negligent misrepresentation claim as to the $6.9 million loan by entering into a new contract to lower their interest rate after they learned of the alleged misrepresentation, and have failed to allege facts establishing intent to defraud as to the $1.7 million loan under Rule 8(a)(2). Therefore, the negligent misrepresentation claim should be dismissed.

V. <u>FAILURE TO STATE A CLAIM FOR ELDER ABUSE</u>

California's Welfare and Institutions Code section 15610.30(a)[2], upon which Plaintiffs' elder abuse claim relies, requires a showing of either fraud (section 15610.30(a)(1)&(2)) or undue influence (section 15610.30(a)(3)). Because there is no allegation as to undue influence, Plaintiffs apparently rely on subdivisions (a)(1) and (a)(2), which require a showing of fraud. *Intrieri v. Superior Court,* 117 Cal.App.4th 72, 82 (2004) (elements of a cause of action for elder abuse are statutory). Because those subdivisions require a showing of fraud, they "sound in fraud" and are subject to the heightened pleading standard of Rule 9(b). *Vess,* 317 F.3d at 1103-04.

---

[2] Section 15610.30(a) provides:

(a) "Financial abuse" of an elder or dependent adult occurs when a person or entity does any of the following:

(1) Takes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.

(2) Assists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.

(3) Takes, secretes, appropriates, obtains, or retains, or assists in taking, secreting, appropriating, obtaining, or retaining, real or personal property of an elder or dependent adult by undue influence, as defined in Section 1575 of the Civil Code.

1   Plaintiffs' elder abuse claim is even more deficiently pleaded than their fraud and
2   negligent misrepresentation claims. In those claims, Plaintiffs allege that Maharaj said that the
3   condominium loan documents would be ready "in one week." SAC, ¶¶ 110, 116. There are no
4   elements of fraud alleged at all in the elder abuse claim. *See* SAC, ¶ 124. Even incorporating by
5   reference the earlier allegations, SAC ¶ 121, does not save Plaintiffs' elder abuse claim because
6   the earlier allegations are insufficient under Rule 9(b), as explained above.

7   Besides not satisfying the heightened pleading requirement of Rule 9(b), Plaintiffs' elder
8   abuse claim fails under Rule 8(a)(2). Under Welfare and Institutions Code section 15657.5(c)
9   and Civil Code section 3294(b), liability of an employer for punitive damages for elder abuse
10  requires a showing that the employer authorized or ratified the allegedly wrongful conduct. (*See*
11  *Barton v. Alexander Hamilton Life Ins. Co. of America,* 110 Cal.App.4th 1640, 1644 (2003).
12  Because Plaintiffs have alleged that they are entitled to punitive and exemplary damages as to
13  both Maharaj and the Bank, ¶ 127, they must allege employer authorization or ratification.

14  Here, there are no allegations whatsoever that the Bank either authorized or ratified
15  Maharaj's statement on September 12, 2007, that the condominium loan documents would be
16  ready "in one week." Furthermore, the claim as stated does not establish fraudulent conduct
17  under Rule 8(a)(2), on either Defendant's part.

18  Because it fails to satisfy the pleading standards of both 9(b) and 8(a)(2), the elder abuse
19  claim should be dismissed.

20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

## VI. CONCLUSION.

For the foregoing reasons, Defendants hereby request the Court to dismiss the fraud, negligent misrepresentation, and elder abuse claims in the Second Amended Complaint.

DATED:  MARCH 19, 2010                             BERLINER COHEN

                                                   BY:  /S/ FRANK R. UBHAUS
                                                        FRANK R. UBHAUS
                                                        LAURA PALAZZOLO
                                                        KATHLEEN F. SHERMAN
                                                        ATTORNEYS FOR DEFENDANTS PACIFIC
                                                        CAPITAL BANK, N.A. AND NIRAJ
                                                        MAHARAJ